1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10  OSCAR DELGADILLO MARTINE,

11                              Petitioner,

12              v.

13

14  STATE OF CALIFORNIA[1],

15                              Respondent.

16

Case No. CV 16-6630-MWF-KK

FINAL REPORT AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE

17

18      This Final Report and Recommendation is submitted to the Honorable

19  Michael W. Fitzgerald, United States District Judge, pursuant to Title 28 of the

20  United States Code, section 636 and General Order 05-07 of the United States

21  District Court for the Central District of California.

22  ///

23  ///

24  ///

25

26  _____

[1]      Petitioner did not name his immediate custodian as a respondent.  Instead,
he named the State of California as Respondent.  ECF Docket No. ("Dkt.") 1, Pet.
27  at 1.  Accordingly, the Petition is subject to dismissal for failure to name a proper
respondent.  While this defect could easily be cured through amendment, the
28  Court will not grant leave to amend because, as explained below, Petitioner's claims
are wholly unexhausted.

**I.**

**SUMMARY OF RECOMMENDATION**

Petitioner Oscar Delgadillo Martine ("Petitioner") has filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254. Petitioner concedes the Petition is wholly unexhausted, but requests a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) ("<u>Rhines</u> stay"). For the reasons set forth below, the Court recommends denying Petitioner's request for a <u>Rhines</u> stay and dismissing the Petition without prejudice.

**II.**

**PROCEDURAL BACKGROUND**

**A.    STATE COURT PROCEEDINGS**

On February 17, 2015, Petitioner was convicted in Los Angeles Superior Court of shooting at an occupied vehicle in violation of California Penal Code, section 246. Pet. at 1. On March 16, 2015, Petitioner was sentenced to a term of five years in prison. <u>Id.</u>

Following his conviction, Petitioner filed a direct appeal to the California Court of Appeal. <u>Id.</u> at 3. In his appeal, Petitioner argued the "trial court erred when it failed to <u>sua sponte</u> instruct the jury with CALCRIM No. 302," Evaluating Conflicting Evidence. <u>Id.</u> On May 9, 2016, the California Court of Appeal modified the judgment against Petitioner,[2] but otherwise affirmed the conviction. <u>See</u> <u>People v. Martine</u>, No. B263819, 2016 WL 2756629 (Cal. Ct. App. May 9, 2016), <u>review denied</u> (July 27, 2016).

---

[2]    The California Court of Appeal modified the judgment "to reflect a $300 parole revocation restitution fine (Pen. Code, § 1202.45) and an award of 372 days of conduct credit." California Courts, Appellate Courts Case Information, Supreme Court, <u>Docket</u> (Oct. 20, 2016, 4:12 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2108086&doc_no=B263819.

On June 21, 2016, Petitioner filed a petition for review in the California Supreme Court.  California Courts, Appellate Courts Case Information, Supreme Court, <u>Docket</u> (Oct. 20, 2016, 4:12 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2147241&doc_no=S235353.  On July 27, 2016, the California Supreme Court denied review.  <u>Id.</u>

**B.    FEDERAL COURT PROCEEDINGS**

On August 23, 2016, Petitioner constructively filed[3] the Petition in this Court challenging his 2015 conviction.  Pet. at 15.  Petitioner raised three grounds for relief: (1) Petitioner's conviction was based on unreliable eyewitness testimony; (2) Petitioner suffered from "predetermined prejudice" caused by a biased police officer investigating his case; and (3) Petitioner's counsel was ineffective because she "chose to ignore" evidence indicating that the eyewitnesses were unable to identify Petitioner "immediately after the incident."  <u>Id.</u> at 6-9.  In the Petition, Petitioner conceded none of his three claims were raised on direct appeal because raising the issues was "against [his] attorney's advice."  <u>Id.</u>

On September 14, 2016, the Court ordered Petitioner to show cause why the action should not be dismissed for failure to exhaust ("OSC").  Dkt. 3, OSC.  In the OSC, the Court presented Petitioner with multiple options, including the option to request a <u>Rhines</u> stay and the option to explain whether his claims are, in fact, exhausted.  <u>Id.</u> at 2-3.  The Court expressly cautioned Petitioner that if his request for a <u>Rhines</u> stay was denied or if the claims were still found to be unexhausted, the Court would dismiss the Petition.  <u>Id.</u>

On October 13, 2016, Petitioner constructively filed a Response to the OSC ("Response").  Dkt. 6, Resp.  In the Response, Petitioner concedes his "claims

---

[3]    Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

were not previously argued." Id. at 1.  Nevertheless, Petitioner argues he should be entitled to a Rhines stay because (1) "defense counsel willfully denied" Petitioner's pleas to file the claims asserted in his Petition; and (2) "it was not impressed upon him that state court should be made aware of" his claims before bringing the Petition.  Id.

### III.

### DISCUSSION

**A.    THE PETITION MUST BE DISMISSED AS WHOLLY UNEXHAUSTED**

    **1.    APPLICABLE LAW**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims in a petition to the California Supreme Court.  See id. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

"Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (stating "the district court [i]s 'obliged to dismiss immediately,'" where a petition contains no exhausted claims)).

### 2. ANALYSIS

Here, Petitioner fails to present any facts to demonstrate his claims are exhausted. Rather, Petitioner concedes his claims are, in fact, unexhausted. See Pet. at 6-9; Resp. at 1. Hence, because Petitioner's claims are wholly unexhausted, the Petition is subject to dismissal. See Rasberry, 448 F.3d at 1154.

## B. PETITIONER IS NOT ENTITLED TO A RHINES STAY

### 1. APPLICABLE LAW

Under Rhines, a district court has discretion to stay a wholly unexhausted petition to allow a petitioner time to present his unexhausted claims to state courts. 544 U.S. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Importantly, the United States Supreme Court has cautioned that a Rhines "stay and abeyance should be available" to a habeas petitioner "only in limited circumstances" because

> [s]taying a federal habeas petition frustrates [The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s] objective of encouraging finality by allowing a petitioner to delay the resolution of

the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id. at 270; see also Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (rejecting "a broad interpretation of 'good cause'" because "[s]tays . . . delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court").

With respect to the first prong, the "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  Ineffective assistance by "post-conviction counsel can be good cause for a Rhines stay" where a petitioner's:

showing of good cause was not a bare allegation of state postconviction [sic] IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of [the petitioner]'s abusive upbringing and compromised mental condition.

Id. at 983.

In contrast, good cause justifying a Rhines stay is not warranted where a petitioner merely calls his counsel ineffective for failing to raise certain claims but "has not developed any ineffective assistance of counsel argument" under the standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Wooten, 540 F.3d at 1024 n.2.  Additionally, the alleged failure of a petitioner's appellate counsel to raise unexhausted claims does not establish good cause for a Rhines stay where the appellate counsel's alleged failure "did nothing

1    to prevent [the] [p]etitioner from seeking state habeas relief for the unexhausted

2    claims." Hernandez v. Sullivan, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005).

3          **2.**   **ANALYSIS**

4          Here, Petitioner does not qualify for a Rhines stay because he has not

5    established good cause for his failure to exhaust his three claims. In the Response,

6    Petitioner asserts (1) "defense counsel willfully denied" Petitioner's pleas to file

7    his habeas claims; and (2) "it was not impressed upon him that state court should

8    be made aware of" his claims before bringing the instant Petition. Resp. at 1. To

9    the extent Petitioner alleges his counsel is ineffective for failing to raise his claims

10    and for failing to inform him of the exhaustion requirements, Petitioner does not

11    establish good cause for a Rhines stay because he "has not developed any

12    ineffective assistance of counsel argument" under the standards of Strickland.

13    Wooten, 540 F.3d at 1024 n.2 (citing Strickland, 466 U.S. at 687-88). Rather,

14    Petitioner presents only a bare assertion of ineffective assistance of counsel, and

15    does not set forth "a concrete and reasonable excuse [for his failure to exhaust],

16    supported by evidence that his state post-conviction counsel failed to, for example,

17    discover, investigate, and present [his unexhausted claims] to the state courts."

18    See Blake, 745 F.3d at 983. Additionally, even if Petitioner's counsel refused to

19    raise the unexhausted claims at the state court level, counsel's refusal does not

20    establish good cause for a Rhines stay because such a failure "did nothing to

21    prevent Petitioner from seeking state habeas relief for the unexhausted claims" on

22    his own. See Hernandez, 397 F. Supp. 2d at 1207. Consequently, Petitioner has

23    failed to establish good cause warranting a Rhines stay, and the Court need not

24    consider the other two Rhines factors. See Wooten, 540 F.3d at 1023.

25    ///

26    ///

27    ///

28    ///

# IV.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED the District Court issue an Order (1) ACCEPTING this Final Report and Recommendation; and (2) DISMISSING this action without prejudice.


Dated: November 30, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge